UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RENEE WELLS, | ) | CASE NO. 5:15-cv-1298 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| 4KIDHELP, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' Joint Motion to Approve Settlement Agreement, and Stipulated Dismissal and Judgment Entry, attached thereto. (Doc. No. 8.) The motion seeks the Court's approval of a settlement agreement resolving the plaintiff's claim filed under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. For the reasons that follow, the motion is granted and the settlement is approved.

I. BACKGROUND

In this action, filed June 30, 2015, Renee Wells alleges that she was a hourly non-exempt employee under the FLSA, and that defendant 4KidHelp, Inc. failed to pay her overtime wages in violation of the FLSA.[1] (Doc. No. 1 ["Compl."].) In its answer, defendant denies plaintiffs' allegations. (Doc. No. 4 ["Answr."].).

---

[1] Plaintiff also alleges that defendant's failure to pay overtime also violated Ohio Rev. Code. §§

Counsel jointly informed the Court that, subject to the Court's approval, a settlement had been reached, and the Court filed its standard dismissal of the action. (Doc. No. 7.) Thereafter, the parties filed the instant motion for approval of the settlement agreement, which was provided to the Court under separate cover, and attached hereto UNDER SEAL.

## II. DISCUSSION

**A. Applicable Law**

Under 29 U.S.C. § 216(b), an employee can sue on her own behalf, as well as on behalf of others. In this case, plaintiff brings this action on her own behalf.

The central purpose of the FLSA is to protect covered employees from labor conditions that are detrimental to maintaining a minimum standard of living necessary for the health and well-being of the workers. *Crawford v. Lexington-Fayette Urban County Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (quoting 29 U.S.C. § 202) (further citation omitted). Public policy requires that the employee rights guaranteed by the FLSA are not compromised by settlement of a dispute alleging violation of those rights. *Id.*

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704-08, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

---

4111.10(A), 4111.13, and 4111.99 (Count II), and Ohio Rev. Code §§ 4113.15 and 4113.99 (Count III).

1352-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which the federal district court approves settlement of suits brought in federal court pursuant to 29 U.S.C. § 216(b). *Id*. (citing *Schulte, Inc. v. Gangi,* 328 U.S. 108, 113 n. 8, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)).

When reviewing a settlement of plaintiffs' FLSA claims, the federal district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (alteration in original) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3).

The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery engaged in, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp*., 497 F.3d 615, 631 (6th Cir. 2007)) (further citation omitted). "The Court may choose to consider only those factors

3

that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Id*. (quoting *Redington v. Goodyear Tire & Rubber Co*., No. 5:07CV1999, 2008 WL 3981461, at *11 (N.D. Ohio Aug. 22, 2008) (citation omitted)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Id*. (quoting *Blum*, 465 U.S. at 897) (internal quotation marks and further citations omitted).

**B. Analysis**

In this case, plaintiff maintains that she is a hourly nonexempt employee who worked in excess of forty (40) hours a week and was not paid for all of the overtime hours she worked (Compl. ¶¶ 16, 21, 27), and that defendant does not have precise time records of all times worked by plaintiff as required by the FLSA (Compl. ¶¶ 22, 29). In addition, plaintiffs allege that she was not compensated for the excess hours she worked, and that defendant knew, or had reason to know, that plaintiff worked in excess of forty (40) hours per week (Compl. ¶ 17). Defendant denies that it violated any provisions of the FLSA.

The Court finds that the instant action represents a bona fide dispute. The parties' divergent views of the facts would have required judicial resolution had the parties not been able to compromise their differences, and causes the Court to conclude

that the settlement was an arms-length negotiation between parties represented by competent counsel, and not the result of fraud or collusion.

The Court has reviewed the settlement agreement and finds that the settlement terms are a fair and reasonable resolution to the parties' bona fide dispute. Further, the Court concludes that the award of attorney fees to plaintiffs' counsel is reasonable given the early stage at which the case settled before fees and expenses associated with discovery, motion practice, and possibly a trial, were incurred. While the Court is not in a position to assess the likelihood of success on the merits because of the early stage at which this case has been resolved, the Court concludes that all of the other relevant factors weigh in favor of approving the settlement.

### III. CONCLUSION

For the foregoing reasons, the parties' joint motion is granted and the Court approves the settlement. The settlement agreement, attached to this Opinion and Order, shall remain sealed until further order of the Court.

**IT IS SO ORDERED**.

Dated: September 30, 2015

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**